AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| LaDonna Patrice Baker and Tonya Renee Thomas, | ) ) ) ) | Case No. 20-mj-6582-AOV |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 6, 2020,__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 963 | Conspiracy to import into the United States, from a place outside thereof, five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine |
| 21 U.S.C. § 952(a) and 18 U.S.C. § 2 | Import into the United States, from a place outside thereof, five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Mariana Gaviria, HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence in accordance to the requirements of Fed. R. Crim. P. 4.1 by __FaceTime__.

Date: November 7, 2020

_____
Judge's signature

City and state: __Fort Lauderdale, Florida__

Alicia O. Valle, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Mariana Gaviria, being duly sworn, do hereby depose and state:

## INTRODUCTION

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI) and have been so employed since August 2019. As an HSI Special Agent, I am authorized as an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code. I have completed the Criminal Investigator Training Program and the HSI Special Agent Training. I am currently assigned to the High Intensity Drug Trafficking Area ("HIDTA") of South Florida. HIDTA is an investigative entity that is comprised of law enforcement officers from various federal, state, and local law enforcement agencies who work together in a cooperative relationship where the primary focus is to investigate narcotics smuggling.

2. I make this affidavit in support of a criminal complaint charging LaDonna Patrice Baker ("BAKER") and Tonya Renee Thomas ("THOMAS") with violating Title 21, United States Code, Sections 963 (conspiracy to import into the United States, from a place outside thereof, five hundred (500) grams or more of a mixture and substance containing a detectible amount of cocaine), and 952(a) and Title 18, United States Code, Section 2 (importation into the United States, from a place outside thereof, five hundred (500) grams or more of a mixture and substance containing a detectible amount of cocaine).

3. The facts contained in this Affidavit are based on my personal knowledge and information provided to me by other law enforcement officers. The facts set forth herein do not constitute all the facts known to law enforcement officers regarding this matter. However, no information known that would tend to negate probable cause has been withheld from this Affidavit.

1

## PROBABLE CAUSE

4. On November 6, 2020, at approximately 3:30 p.m., BAKER and THOMAS – both United States citizens currently residing in Las Vegas, Nevada – arrived at the Fort Lauderdale-Hollywood International Airport (FLL) onboard Jet Blue flight #326 from Montego Bay, Jamaica. Prior to BAKER and THOMAS picking up their four checked suitcases from the baggage carousel, law enforcement deployed a narcotics-detection K9 in the area. The K9 alerted to an odor of narcotics emanating from the four checked suitcases as they exited the baggage floor carousel. Once BAKER and THOMAS picked up the suitcases, United States Customs and Border Protection (CBP) escorted them to a secondary area for further inspection. During this time, CBP asked BAKER and THOMAS if the suitcases in question belonged to them and if they packed them themselves. BAKER and THOMAS answered in the affirmative.

5. CBP then placed the suitcases on the X-ray belt for further examination. During the inspection, law enforcement discovered anomalies within the rails of each suitcase. Further inspection revealed a white, powdery substance concealed within the rails. CBP field-tested the white, powdery substance, which confirmed the presence of cocaine. The gross weight of the white, powdery substance, and rails of the four suitcases was approximately 4.03 kilograms. CBP continued to search the remaining items in the luggage and located seven pairs of shoes which, upon X-raying, showed anomalies in the soles. Upon further inspection, CBP uncovered packages of a white, powdery substance molded into the soles of each shoe. This white, powdery substance also tested positive for the presence of cocaine and weighed approximately 1.4 kilograms in total. CBP then discovered approximately 1.98 kilograms of additional white, powdery substance that also tested positive for the presence of cocaine concealed within coffee and porridge mix food products.

6. Law enforcement detained BAKER and THOMAS, and escorted them to a secure holding cell for detention. Law enforcement reviewed THOMAS' cellular phone pursuant to border search authority and uncovered WhatsApp messages between THOMAS and a contact named "Andrew My Son." Law enforcement observed messages that THOMAS had sent to "Andrew My Son" at approximately 4:03 p.m. after they had returned from Jamaica in which she stated, "The police stopped us" and "They got us. They are taking the suitcase apart. We are fucked." Further messages in the WhatsApp conversation with "Andrew My Son" discuss the planning of BAKER and THOMAS' trip to Jamaica, as well as the arrangement of finances provided by the contact to pay for the trip.

7. After law enforcement advised THOMAS of her *Miranda* rights, she voluntarily waived them and agreed to speak. During the post-*Miranda* interview, THOMAS admitted that she had traveled to Jamaica for the purpose of picking up various items on behalf of "Andrew" and transporting them back into the United States. THOMAS identified "Andrew" as her currently-incarcerated daughter's ex-boyfriend. THOMAS could not provide a last name for "Andrew." THOMAS admitted that she expect to receive approximately one thousand dollars ($1,000.00) in United States currency upon return, in addition to spending money provided by "Andrew." THOMAS claimed she was unaware that there was cocaine concealed in the suitcases, but admitted she believed there was something illegal involved due to the amount of payment that she were to receive. THOMAS further advised that she asked BAKER to accompany her on this trip to Jamaica and that BAKER also expected to be paid approximately one thousand dollars ($1,000.00) in United States currency upon return to the United States. THOMAS stated that an individual named "Randy" provided them with the suitcases containing the narcotics on the morning of the return trip and that she and BAKER packed their belongings into them, leaving behind the luggage that they had used to travel to Jamaica. THOMAS admitted she has been making

3

trips to Jamaica in the same manner on behalf of "Andrew" approximately twice a year since 2018, for a total of approximately six prior trips in which she traveled to Jamaica and returned with luggage and other items for "Andrew."

8.  After law enforcement advised BAKER of her *Miranda* rights, she voluntarily waived them and agreed to speak. During the post-*Miranda* interview, BAKER stated that she knew THOMAS from church. She advised that THOMAS invited her to travel to Jamaica and offered to pay for all of her travel expenses. BAKER stated THOMAS had asked her to get her United States passport in order to be able to travel to Jamaica several months in advance. BAKER stated she was initially offered a payment of approximately one thousand five hundred dollars ($1,500.00) in United States currency if she agreed to join THOMAS on the trip. BAKER admitted that she knew that they intended to transport food and other items to individuals in Jamaica, as well as pick up various items to bring back to the United States. BAKER further stated she received approximately nine hundred dollars ($900.00) in United States currency upon arriving in Jamaica to use for local expenses. BAKER admitted she packed her own belongings into the suitcases that she received from "Randy" on the morning of the return trip and left her original suitcase in Jamaica. BAKER claimed she was unaware that there was cocaine concealed in the suitcases and items that they were bringing back to the United States. BAKER admitted, however, that the circumstances of the trip suggested that she may be bringing back something illegal but took the risk anyway because she trusted THOMAS.

4

## CONCLUSION

Based upon the foregoing, I respectfully submit that probable cause exists that on or about November 6, 2020, LaDonna Patrice Baker ("BAKER") and Tonya Renee Thomas ("THOMAS") violated Title 21, United States Code, Sections 963 (conspiracy to import into the United States, from a place outside thereof, five hundred (500) grams or more of a mixture and substance containing a detectible amount of cocaine), and 952(a) and Title 18, United States Code, Section 2 (importation into the United States, from a place outside thereof, five hundred (500) grams or more of a mixture and substance containing a detectible amount of cocaine).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
MARIANA GAVIRIA, SPECIAL AGENT
DEPARTMENT OF HOMELAND SECURITY

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __FACETIME__ on this __7th__ day of __November__, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE